IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 10:31 am, Aug 08, 2018*

| | |
|---|---|
| DALE SCOTT DAVIES, | |
| Plaintiff, | CIVIL ACTION NO.: 5:17-cv-15 |
| v. | |
| JOSHUA COURSON,[1] | |
| Defendant. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Dale Scott Davies ("Plaintiff") filed this cause of action pursuant to 42 U.S.C. § 1983, to contest certain conditions of his confinement while housed at Ware State Prison in Waycross, Georgia. (Doc. 1.) Specifically, Plaintiff contends that Defendant Joshua Courson ("Defendant") used excessive force against him on October 24, 2016. (Id.) Plaintiff filed a Motion for Summary Judgment asking the Court to rule in his favor on his claims. (Doc. 26.) Defendant filed a Response to Plaintiff's Motion and an attached affidavit wherein he states that he did not use any force, much less excessive force, against Plaintiff. (Doc. 35.) There are genuine disputes of material facts regarding Plaintiff's claims that must be resolved by a jury.

Therefore, as explained more fully below, the Court cannot resolve this case as a matter of law, and consequently, I **RECOMMEND** that the Court **DENY** Plaintiff's Motion for Summary Judgment. (Doc. 26.) The Court **ORDERS** the parties to file any Objections to this Report and Recommendation within **fourteen (14) days** from the date of its issuance.

---

[1] The Clerk of Court is **DIRECTED** to change the name of Defendant on the docket of this case to Joshua Courson.

## BACKGROUND

In his Amended Complaint, Plaintiff alleged that, on the morning of October 24, 2016, he "stuck [his] arm out of the tray flap in order to get a higher ranking officer . . . to come feed [another inmate] his breakfast tray." (Doc. 10, p. 2.) Plaintiff then contended that Defendant and Officer Walker opened his cell door "without justification and against policy." (Id.) He claimed that Defendant proceeded to pull Plaintiff out of his cell, grab him by the throat, choke him, and punch him twice in the right eye. (Id. at p. 3.) Shortly afterwards, Plaintiff reported the incident to another officer and requested medical attention.

On October 20, 2017, while discovery in this case was still pending, Plaintiff filed a Motion for Summary Judgment. (Doc. 26.) In that Motion and attached materials, Plaintiff essentially reiterated the facts set forth in his Amended Complaint. (Id.) Plaintiff argued that, under his version of events, all factors the Court must consider when assessing an Eighth Amendment excessive force claim weigh in his favor. (Id.) Plaintiff attached a Declaration to his Motion in which he attested to the facts supporting his claims. (Doc. 26-2.) Specifically, he asserted that Defendant assaulted him without provocation, resulting in a laceration and bruising to his right eye. (Id.) He states that Defendant choked him and punched him twice in the right eye for no legitimate reason after attempting to pull Plaintiff out of his cell. (Id.)

After receiving an extension of time, Defendant filed a Response in opposition to Plaintiff's claims. (Doc. 35.) In his Affidavit, Defendant offers a factual account starkly different from Plaintiff's. (Doc. 35-1). Defendant states that he was working in Dorm K-1 at Ware State Prison on the night of the incident, and Officer Walker was working in Dorm K-2, Plaintiff's dorm. (Id. at p. 3.) He states that Officer Walker saw Plaintiff "bucking" the tray flap on his cell door by putting his arm outside of the flap, an action which inmates are not allowed to

do.  (Id.)  Defendant avers that Officer Walker called Defendant to Dorm K-2, and the two officers went to Plaintiff's cell, opened the cell door, and told Plaintiff to step to the back of his cell.  (Id.)  Defendant maintains that Plaintiff complied with the officers' instructions without incident.  He states that at no time on October 24, 2016, did he "use force, excessive or otherwise" against Plaintiff and that he did not choke or punch Plaintiff.  (Id. at pp. 3–4.)  Defendant claims that when he last saw Plaintiff he had no injury to his eye.  (Id. at p. 4.)

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  However, there must exist a conflict in substantial evidence to pose a jury question."  Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law.  See Williamson Oil Co. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003).  Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law."  See Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011).  When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be

3

unable to prove his case at trial. See id. (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, 630 F.3d 1346, 1353 (11th Cir. 2011) (citing Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 616 (11th Cir. 2007)).

## DISCUSSION

**I.    Eighth Amendment Excessive Force Standards**

Plaintiff's excessive force claims and Motion for Summary Judgment require analysis of the Eighth Amendment's proscription against cruel and unusual punishment. That proscription governs the amount of force that prison officials are entitled to use against inmates. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The subjective component requires a showing that the force was used "maliciously and sadistically for the very purpose of causing harm" rather than "a good faith effort to maintain or restore discipline." Whitley v. Albers, 475 U.S. 312, 320–21 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, courts consider the following factors: the need for the exercise of force, the relationship between the need for force and the force applied, the extent of injury that the inmate suffered, the extent of the threat to the safety of staff and other inmates, and any efforts taken to temper the severity of a forceful

response.  Skelly v. Okaloosa Cty. Bd. of Cty. Comm'rs, 456 F. App'x 845, 848 (11th Cir. 2012) (quoting Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009)).

**II.     Genuine Disputes of Material Fact Preclude Summary Judgment**

In this case, there are too many controverted material facts for the Court to find that Defendant used excessive force against Plaintiff as a matter of law.  At summary judgment, it is not the Court's role to judge the credibility of Plaintiff's account versus Defendant's account.  Rather, because Plaintiff is the moving party, "the Court must adopt [Defendant's] version of the incident for purposes of summary judgment."  Thwaites v. Wimbush, No. 5:11-CV-195 (CAR), 2013 WL 1333723, at *4 (M.D. Ga. Mar. 29, 2013).  Accepting Defendant's version of events and construing all factual disputes in his favor, as the Court must upon Plaintiff's Motion for Summary Judgment, Defendant used no force whatsoever in this case and Plaintiff suffered no injury.  If Defendant used no force, then obviously Defendant's conduct was not "sufficiently serious" to violate Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.  Farmer, 511 U.S. at 834.  Put succinctly, Defendant has offered evidence that blatantly contradicts Plaintiff's version of events. Thus, factual disputes between Plaintiff's version of this incident and Defendant's account permeate the factors that the Court takes into consideration when weighing an allegation of excessive force.  Those disputes of fact are material as they go to the central question of this case: whether Defendant used force against Plaintiff.  That is a question for the jury to answer at the conclusion of the trial of this case and not for this Court to resolve at summary judgment.

**CONCLUSION**

The parties' pleadings on Plaintiff's Motion for Summary Judgment reveal quintessential disputes of material fact that must be resolved by a jury and preclude summary judgment. Thus, I **RECOMMEND** that the Court **DENY** Plaintiff's Motion for Summary Judgment, (doc. 26).

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections **within fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a District Judge of this Court will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part the findings or recommendations herein. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 8th day of August, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA